*In re* FLETCHER'S ESTATE.

ROBINSON *v.* FLETCHER.

EXECUTORS AND ADMINISTRATORS—PROBATE COURTS—JURISDICTION.
    Probate court has jurisdiction, upon petition and notice, to grant rehearings, and to modify and set aside orders, sentences and decrees within 90 days after rendition. (3 Comp. Laws 1929, § 15519).

Appeal from Kent; Perkins (Willis B.), J. Submitted October 3, 1933. (Docket No. 18, Calendar No. 37,347.) Decided December 5, 1933.

In the matter of the estate of Salathiel R. Fletcher, deceased. On petition of Cora W. Robinson to set

aside orders assigning residue and discharging Harold T. Fletcher and Grand Rapids Trust Company, executors. From order dismissing petition, plaintiff appealed to circuit court. Order for plaintiff. Defendants appeal. Affirmed.

*Butterfield, Keeney & Amberg* and *Harry Shulsky,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendants.

WEADOCK, J. In this cause the probate court of Kent county on August 22, 1932, made an order assigning the residue of the estate and on the same day another order discharging the executors because all their duties had been performed according to law.

Cora W. Robinson filed a lengthy verified petition on September 8, 1932, showing that Salathiel R. Fletcher, deceased, with W. Millard Palmer and Charles J. Kindell, long prior to the death of Fletcher and on January 27, 1916, had become obligated to her as lessor in a lease which required the deceased and others to pay the taxes against the leased premises, etc.

This lease was assigned to the General Realty Company, a corporation, but the assignment was expressly made subject to the continuance of the liability of the lessees to the lessor under the lease.

After hearing on claims had been closed default occurred in the payment of taxes as covenanted in the lease with respect to payment of taxes. The taxes assessed against the leased premises for the years 1930 and 1931 were not paid when due and these taxes remained unpaid in major portion until the latter part of May, 1932. On May 26 and May 31, 1932, petitioner, in the exercise of her

option paid, respectively, $13,405.82, and $950, a total of $14,355.82, in satisfaction of the unpaid taxes and assessments. The next rent day was June 1, 1932, and in accordance with the provisions of the lease petitioner was on that day entitled to be reimbursed for her payments.

The defendants moved the probate court to dismiss Mrs. Robinson's petition on September 23, 1932, because the estate had been closed and the executors discharged and the court had no jurisdiction and the petition was dismissed December 3, 1932. The petitioner appealed to the circuit court for Kent county and the order of the probate court denying Cora Robinson's petition to allow her to prove her claim was reversed, on May 10, 1933, and the cause remanded to the probate court, the respondents to have 15 days to answer the petition, etc., in accordance to law.

The judgment of the circuit court is affirmed, with costs.

POTTER and SHARPE, JJ., concurred with WEADOCK, J. McDONALD, C. J., and NORTH and FEAD, JJ., concurred in the result.

WIEST, J. (*concurring*). I concur in the affirmance.

The probate court has jurisdiction, upon petition and notice, to grant rehearings, and to modify and set aside orders, sentences and decrees within 90 days after rendition. 3 Comp. Laws 1929, § 15519. Defendant contends that this power ends when the estate is decreed closed. The statute retains the power during the period mentioned.

McDONALD, C. J., and WEADOCK, POTTER, NORTH, FEAD, and BUTZEL, JJ., concurred with WIEST, J.